UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STARK TRUSS COMPANY, INC.,

                                    Plaintiff,

v.                                                                          **REPORT AND
                                                                            RECOMMENDATION**


                                                                            22-CV-00979(JLS)(JJM)

AFFINITY ELMWOOD GATEWAY
PROPERTIES, LLC, *et al.*,
                                    Defendants.

_____


        This action arises out of the construction of a luxury condominium building

located at 1111 Elmwood Avenue in the City of Buffalo. Plaintiff Stark Truss Company, Inc.

alleges that on or about April 15, 2019 it entered into a construction contract with the project

owner, defendant Affinity Elmwood Gateway Properties, LLC. Complaint [1], ¶12.[1] The

contract, a copy of which is annexed to the Complaint (id.; [1-1] at 2-93), designated Stark Truss

as the contractor and defendant RP Oak Hill Building Company, Inc. as the construction

manager. [1-1] at 2.

        Stark Truss alleges breach of contract and quantum meruit claims against Affinity

Elmwood (Complaint [1], Counts I-II), a claim on the bond issued by the surety, defendant

Merchants Bonding Company (Mutual) (id., Count III), and fraud, negligent misrepresentation,

promissory estoppel and negligence claims against RP Oak Hill (id., Counts IV-VII). Before the

court is RP Oak Hill's motion to dismiss Counts IV-VII pursuant to Fed. R. Civ. P. ("Rule")

12(b)(6) [31], which has been referred to me by District Judge John L. Sinatra, Jr. for initial

_____

[1]        Bracketed references are to CM/ECF docket entries and page references are to CM/ECF
pagination.

consideration [33]. Having reviewed the parties' submissions [31, 47, 50] and heard oral argument on April 25, 2023 [52], for the following reasons I recommend that the motion be granted.

## DISCUSSION

### A. Counts IV-VI: Fraud, Negligent Misrepresentation and Promissory Estoppel

Reasonable reliance is an element of each of these claims. *See* Von Ancken v. 7 E. 14 L.L.C., 171 A.D.3d 440, 441 (1st Dept. 2019) ("[r]easonable reliance is an element of claims for fraud . . . and negligent misrepresentation"); Randolph Equities, LLC v. Carbon Capital, Inc., 648 F. Supp. 2d 507, 523-24 (S.D.N.Y. 2009) ("[t]o prove promissory estoppel, a plaintiff must establish reasonable reliance on the defendant's statements").

The Complaint alleges that "[a]t all times, Stark Truss acted at the direction of [RP Oak Hill] both in the field to perform extra and changed work and in its submission of pay applications" ([1], ¶29); that RP Oak Hill "at all times, could act on the Owner's behalf" (id.); that RP Oak Hill "wrongly directed Stark Truss and others with respect to construction means and methods, which is prohibited by the Contract" (id., ¶24); that it "failed to follow the applicable contract documents, including the Contract, thereby waiving them" (id., ¶25); that it directed Stark Truss to bill in a manner that "was not per the Contract" (id., ¶33); that it "fraudulently represented that it intended to provide for payment to Stark Truss for the extra and changed work" (id., ¶90);[2] and that "Stark Truss justifiably and reasonably relied upon [RP Oak

---

[2]       At oral argument, Stark Truss's attorney clarified that this allegation related to payment by Affinity Elmwood, not by RP Oak Hill. "[A]n agent for a disclosed principal will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." Pruss v. AmTrust North America Inc., 204 A.D.3d 620, 620-21 (1st Dept. 2022).

Hill's] representations with respect to its decision to perform the extra and changed work". Id., ¶94.

"In order to survive a motion to dismiss under [Rule] 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." Hertz Global Holdings, Inc. v. National Union Fire Insurance Co. of Pittsburgh, 530 F. Supp. 3d 447, 454 (S.D.N.Y. 2021). The plausibility of the allegations underlying Counts IV-VI of the Complaint must be determined in connection with the construction contract which, being attached to the Complaint, is "deemed part of the pleading". Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). In light of its provisions, Stark Truss's claims of reasonable reliance upon RP Oak Hill's statements and actions are simply not plausible.

For example, whereas Stark Truss alleges that RP Oak Hill "at all times, could act on the Owner's behalf" ([1], ¶29), the contract clearly states that RP Oak Hill "will have authority to act on behalf of the Owner *only* to the extent provided the Contract Documents". [1-1] at 43, §4.2.1 (emphasis added). "A plaintiff . . . may not claim to have reasonably relied on a defendant's representations or silence where he or she has means available to him or her of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation." Roumi v. Guardian Life Insurance Co. of America, 191 A.D.3d 911, 913 (2d Dept. 2021). "Where the power or authority of an agent is in fact created by a writing, and the third person is chargeable with notice of that fact, such third person is under the duty of discovering the extent and limits of the agent's authority and will be regarded as being aware of them." 2A C.J.S. Agency §170.

Therefore, Stark Truss could not reasonably have relied upon RP Oak Hill's directions as to "construction means and methods . . . prohibited by the Contract" (Complaint

[1], ¶24), or upon its billing instructions that were "not per the Contract" (id., ¶33). *See* Randolph Equities, 648 F. Supp.2d at 524 ("where the terms of an unambiguous contract are inconsistent with the statements that form the basis of the claim, the claiming party could not have *reasonably* relied on those statements as a matter of law") (emphasis in original); Elliot v. Nelson, 301 F. Supp. 2d 284, 288 (S.D.N.Y. 2004) ("[t]he conflict between the provisions of the written contract and the oral representations negates the claim of reliance upon the latter").

Nor could Stark Truss reasonably believe that by failing to follow the contract, RP Oak Hill had waived its provisions, as alleged in ¶25 of the Complaint. *See* F. Garofalo Electric Co. v. New York University, 270 A.D.2d 76, 80 (1st Dept. 2000) ("MDI's authority was clearly and unambiguously limited by the express terms of both the contract and the construction manager's agreement and, as such, it lacked authority to waive [or] modify the . . . requirements in plaintiff's contract").

Since the "plain language of the contract contradicts or fails to support the plaintiff's allegations", (Hertz Global Holdings, 530 F. Supp.3d at 454), Counts IV-VI of the Complaint should be dismissed.

## B.  Count VII: Negligence

"To state a claim of negligence under New York law, plaintiffs must allege (1) a duty owed by the defendant to plaintiffs; (2) breach of that duty; and (3) injuries proximately caused by the breach." Cruz v. TD Bank, N.A., 855 F. Supp. 2d 157, 178 (S.D.N.Y. 2012), aff'd, 742 F.3d 520 (2d Cir. 2013). However, "New York applies the economic loss doctrine to negligence claims. This doctrine prevents a plaintiff from recovering purely economic losses in a negligence action". Id. Nevertheless, "the weight of cases . . . have applied the functional

equivalent of privity exception" to the economic loss doctrine. Media Glow Digital, LLC v. Panasonic Corporation of North America, 2019 WL 2281375, *4 (S.D.N.Y. 2019).

Stark Truss alleges that it was in a "privity-like relationship" with RP Oak Hill "based on their positions relative to the Project and . . . [RP Oak Hill's] course of conduct throughout the Project". Complaint [1], ¶113. However, the plausibility of that allegation is undercut by the terms of the construction contract, which provides that it "shall not be construed to create a contractual relationship *of any kind* . . . between the Contractor and the Construction Manager". [1-1] at 34, §1.1.2 (emphasis added). *See also* Garofalo Electric, 270 A.D.2d at 81 (contractor "failed to demonstrate the existence of a special relationship" with construction manager).

In any event, the functional equivalent of privity doctrine requires reasonable reliance. *See* Travelers Casualty and Surety Co. v. Dormitory Authority - State of New York, 734 F. Supp. 2d 368, 387 (S.D.N.Y. 2010) ("assuming *arguendo* that a material question of fact exists concerning whether TDX [the construction manager] and Trataros [the contractor] were in a near-privity relationship during the active construction phase of the Project, Travelers has not identified any misstatements made by TDX to Trataros . . . upon which Trataros reasonably relied to its detriment"). As previously discussed, the provisions of the construction contract preclude any claim of reasonable reliance upon RP Oak Hill's extra-contractual statements or actions. Therefore, Count VII of the Complaint should likewise be dismissed.

**CONCLUSION**

For these reasons, I recommend that RP Oak Hill's motion to dismiss [31] be granted, and that Counts IV-VII of the Complaint be dismissed, with prejudice.[3]  Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by May 23, 2023. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision." Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law, or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection ... supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal [or] factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: May 9, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[3]      Although Stark Truss requests leave to amend if the motion is granted (Stark Truss's Memorandum of Law [47] at 25), leave need not be granted where amendment would be futile. See RP Oak Hill's Reply Memorandum [50] at 14.